UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :
        v.                        :     Case No. 24-cr-00064-RBW
                                  :
JOHN WINDOM,                      :
                                  :
        Defendant.                :

UNITED STATES' MOTION TO INTRODUCE
INTRINSIC AND RULE 404(b) EVIDENCE

The United States of America hereby requests that the evidence set forth below be admitted in the trial of this matter – either as evidence intrinsic to the charged concealment scheme, as relevant evidence of defendant's other crimes, wrongs, or acts pursuant to Rule 404(b) of the Federal Rules of Evidence, or both. In support of this motion, the Government relies on the following points and authorities and any others that may be adduced at a hearing on this matter.

I.      Relevant Background

The evidence at trial will show that the defendant had a duty to disclose certain gifts that he accepted in 2020 on his annual financial disclosure report and instead intentionally concealed them from ethics officials and the public.[1] Between August 2017 and June 2021, the defendant repeatedly solicited, demanded, and accepted additional personal benefits such as meals, alcohol, entertainment such as concert tickets, and attendant services such as chauffeuring and personal shopping from the same group of contractors that provided the charged undisclosed gifts. The defendant identified this group as the "Power Group." The defendant's acceptance of all these benefits—the 2020 gifts he had a duty to report and the additional benefits he received between

---

[1] Rather than set forth in detail here the factual allegations in this case, the Government refers the Court to the indictment in this matter.

2017 and 2021—violated applicable ethical regulations and created an actual or apparent conflict of interest. The defendant's failure to consult ethics officials before accepting any of these benefits, and his failure to report the charged gifts, was in direct contravention of defendant's extensive training and his stated lengthy experience in federal contracting.

As is further relevant to this motion, Executive Branch employees are prohibited from accepting or soliciting gifts from any "prohibited source," or a "gift" given or to be given "because of the employee's official position." 5 CFR § 2635.202(a) and (b). The term "gift" is defined to include "any gratuity, favor, discount, entertainment, hospitality, loan, forbearance, or other item having monetary value" and it "includes services as well as gifts of training, transportation, local travel, lodgings, and meals, whether provided in-kind, by purchase of a ticket, payment in advance, or reimbursement after the expense has been incurred." 5 CFR § 2635.203(b). It excludes "[m]odest items of food and non-alcoholic refreshments, such as soft drinks, coffee, and donuts, offered other than as part of a meal," as well as "[g]reeting cards and items with little intrinsic value, such as plaques, certificates, and trophies, which are intended primarily for presentation." 5 CFR § 2635.203(b). A "prohibited source" includes any person who: (1) "is seeking official action by the employee's agency"; (2) "does business or seeks to do business with the employee's agency"; (3) "has interests that may be substantially affected by the performance or nonperformance of the employee's official duties"; or (4) is an organization a majority of whose members are described above. 5 CFR § 2635.203.

As may be relevant here, exceptions to the prohibition for acceptance of certain gifts include:

- Unsolicited gifts having an aggregate market value of $20 or less per source per occasion, provided that the aggregate market value of individual gifts received from any one person does not exceed $50 in a calendar year. 5 CFR § 2635.204(a). When the market value of a gift or the aggregate market value of gifts offered on any

single occasion exceeds $20, the employee may not pay the excess value over $20 in order to accept that portion of the gift or those gifts worth $20. *Id.*

- "[A] gift given by an individual under circumstances which **make it clear** that the gift is motivated by a family relationship or personal friendship rather than the position of the employee." 5 CFR § 2635.204(b) (emphasis added).

- "[F]ood, refreshments, and entertainment, not including travel or lodgings, for the employee and an accompanying guest, at a social event attended by several persons" if "[t]he invitation **is unsolicited** and is from a person who is **not a prohibited source**." 5 CFR § 2635.204(h) (emphasis added).

Although acceptance of a gift may be permitted by an exception, "it is never inappropriate and frequently prudent for an employee to decline a gift if acceptance would cause a reasonable person to question the employee's integrity or impartiality." 5 CFR § 2635.204.

Notwithstanding any exception described above, an employee may not "[a]ccept a gift in return for being influenced in the performance of an official act," "[u]se, or permit the use of, the employee's Government position, or any authority associated with public office, to solicit or coerce the offering of a gift," "[a]ccept gifts from the same or different sources on a basis so frequent that a reasonable person would be led to believe the employee is using the employee's public office for private gain," or "[a]ccept a gift in violation of any statute," such as statutes prohibiting bribery and salary supplementation. 5 CFR § 2635.205(c) and (d).

Violation of these rules "may be cause for appropriate corrective or disciplinary action to be taken under applicable Government-wide regulations or agency procedures. Such action may be in addition to any action or penalty prescribed by law." 5 CFR § 2635.106.

3

II.     **Applicable Law**

A.     **As a Matter of Law, Evidence Intrinsic to the Charged
       Concealment Scheme is Admissible.**

"[Federal Rule of Evidence] 404(b) excludes only evidence 'extrinsic'" or "'extraneous'"

to the crimes charged, not evidence that is 'intrinsic' or 'inextricably intertwined.'" *United States*

*v. Allen*, 960 F.2d 1055, 1058 (D.C. Cir. 1992) ("[The evidence] was an intrinsic part of the witness'

account of the circumstances surrounding the offense for which [defendant] was indicted (and also

was relevant both to [defendant's] intent to distribute and his knowledge about [a co-conspirator's]

drug cache."); *see also United States v. Miller*, 799 F.3d 1097, 1105 (D.C. Cir. 2015) ("[Rule

404(b)] does not bar 'evidence . . . of an act that is part of the charged offense,'"); *United States v.*

*Mahdi*, 598 F.3d 883, 891 (D.C. Cir. 2010) ("No [404(b)] notice is required, however, for evidence

of an 'intrinsic act,' that is, an act that is 'part of the crime charged.'"); *United States v. Bowie*, 232

F.3d 923, 929 (D.C. Cir. 2000) ("[U]ncharged acts performed contemporaneously with the charged

crime may be termed intrinsic if they facilitate the commission of the charged crime," thus taking

such acts outside the scope of Rule 404(b).)[2]; *United States v. Gartmon*, 146 F.3d 1015, 1020 (D.C.

---

[2] It should be noted that *Bowie,* 232 F.3d 923, seems to have questioned the admission of intrinsic other crimes evidence without a 404(b) analysis, but one panel of the Circuit cannot overrule standing precedent. *See, e.g., United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997) ("panels of this court [] are obligated to follow controlling circuit precedent until either [the Court of Appeals] sitting *en banc*, or the Supreme Court, overrule it."); *see also United States v. Alexander*, 331 F.3d 116, 125-26 (D.C. Cir. 2003) ("Although we have recently expressed our dissatisfaction with the extrinsic-intrinsic distinction, [citation omitted], we have nonetheless recognized that "at least in a narrow range of circumstances ... evidence can be 'intrinsic to' the charged crime"). In any event, the *Bowie* court recognized that its position does not affect the admissibility of the evidence: the "only consequences of labeling evidence 'intrinsic" are to relieve the prosecution of Rule 404(b)'s notice requirement and the court of its obligation to give an appropriate limiting instruction upon the defense counsel's request." *Id.* at 927. The same is true here.

Cir. 1998) (evidence that defendant charged with fraud had threatened a co-conspirator not "other crime evidence" but instead "inextricably intertwined" with charged offense); *United States v. Garces*, 133 F.3d 70, 77 (D.C. Cir. 1998) (holding that evidence that "was part of the story" was not other crimes evidence); *United States v. Washington*, 12 F.3d 1128, 1135 (D.C. Cir. 1994) ("Moreover, 'Rule 404(b) excludes only evidence 'extrinsic' or 'extraneous' to the crimes charged, not evidence that is 'intrinsic' or 'inextricably intertwined.' The testimony revealing that Early used his cousin's Kaiser Permanente health insurance card to obtain medical treatment was intrinsic to the charged offense because it helped establish his identity as the driver of the Mazda . . ."); Fed. R. Evid. 404(b), Advisory Comm. Note regarding 1991 Amendment ("The amendment does not extend to evidence of acts which are 'intrinsic' to the charged offense [citation omitted].").

Where, as here, the Government has charged the defendant with perpetrating a scheme, acts involved in the scheme – even if not specified in the charging instrument – can still be inextricably intertwined with the charged offenses. *See United States v. Davis*, 172 F. App'x 175, 177 (9th Cir. 2006) (finding that "[t]the district court did not abuse its discretion in admitting into evidence other foreclosed loans involving [the defendant.] The loans can be considered inextricably intertwined with an ongoing scheme to defraud HUD and do not constitute 'other acts' evidence.").

**B.    Pursuant to Federal Rule of Evidence 404(b) Evidence of the Defendant's Other Crimes, Wrongs, or Acts is Admissible if Relevant and Not Offered to Prove the Defendant's Character.**

Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(2), however, provides that such evidence is admissible for another purpose, "such as proving motive, opportunity, intent,

preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The Rule's list of permissible uses of other act evidence is illustrative – not exhaustive. 2 J. Weinstein and M. Berger, WEINSTEIN'S FEDERAL EVIDENCE § 404.22[6][a] (2017); *see, e.g., United States v. Machado-Erazo*, 47 F.4th 721, 728 (D.C. Cir. 2018) (Rule 404(b) "permits such evidence for other purposes, including proof of motive, intent, knowledge, identity and absence of mistake."); <u>Bowie</u>, 232 at 933 (approving admission of other crimes evidence to corroborate other evidence).

The D.C. Circuit has recognized that although Rule 404(b) is "framed restrictively," the rule in practice "is quite permissive." *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc). Indeed, "Rule 404(b) is a rule of inclusion rather than exclusion." *Bowie*, 232 F.3d at 929. It only prohibits the introduction of other acts evidence in "one circumstance," which is to show that the defendant's acts conformed to his character. *Crowder*, 141 F.3d at 1206; *see also United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character") (emphasis in actual).

Rule 404(b) evidence is admissible at trial if it satisfies two prongs: (1) the evidence is probative of a material issue other than the defendant's character, and (2) the probative value of the evidence is not substantially outweighed by the risk of undue prejudice under Rule 403. *United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1990). "Evidence of similar acts must also be sufficient to support a jury finding that the defendant committed the other crime or act." *United States v. Long*, 328 F.3d 655, 660 (D.C. Cir. 2003).

When the other acts evidence is offered to prove intent and knowledge as well as absence of mistake or accident as is the case here, it "must meet a threshold level of similarity to be admissible." *Id.* at 661; *United States v. Williams*, 507 F. Supp. 181, 192 (D.D.C. 2020). "[E]xact

congruence" is not required; rather, the similar acts only need to be "closely related to the offense." *Long*, 328 F.3d at 661. The acts need not have resulted in a criminal charge or a conviction; in fact, they do not even need to have been criminal or unlawful to be admissible under Rule 404(b). *See id.*

Rule 404(b) evidence is admissible regardless of whether the defendant plans to contest an element of the offense. *Estelle v. McGuire*, 502 U.S. 62, 69 (1991) ("But the prosecution's burden to prove every element of the crime is not relieved by a defendant's tactical decision not to contest an essential element of the offense.") Moreover, the Government is entitled to introduce evidence pursuant to Rule 404(b) in its case-in-chief to anticipate a defendant's likely defense of lack of intent or knowledge. *See, e.g., United States v. Brown*, 597 F.3d 399, 404 (D.C. Cir. 2010) (extrinsic evidence of defendant's "knowledge, motive, and the absence of mistake or accident" was admissible under Rule 404(b) "to show his specific intent to defraud"); *see also United States v. Inserra*, 34 F.3d 83, 90 (2d Cir. 1994) ("[Rule 404(b) other crimes evidence] is admissible during the Government's case-in-chief if it is apparent that the defendant will dispute that issue."); *United States v. Harrod*, 856 F.2d 996, 1000 (7th Cir. 1988) ("[T]he Government may introduce evidence of other acts to establish intent in its case-in-chief."); *United States v. Estabrook*, 774 F.2d 284, 289 (8th Cir. 1985) ("[W]here it is made clear at the outset of the trial that the defendant's principal defense is a lack of knowledge or intent, and thus the issue is unarguably in dispute, the government may take the defendant at his word and introduce the evidence in its case-in-chief"); *United States v. Lewis*, 759 F.2d 1316, 1349 n. 14 (8th Cir. 1985) ("It was not necessary for the government to await defendant's denial of intent or knowledge before introducing [Rule 404(b) other crimes] evidence; instead the government may anticipate the defense and introduce it in its case-in-chief"); *United States v. Hooton*, 662 F.2d 628, 635 (9th Cir. 1981) (citation omitted)

("[E]ven in general intent crimes, the government can offer evidence of other acts as part of its case-in-chief when it is obvious that the defense will raise lack of intent as a defense.").

The government need not disclose specific information to the defendant under the Rule; instead, Rule 404(b) requires only "reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial." *See, e.g., United States v. Watt*, 911 F. Supp. 538, 556 (D.D.C. 1995) ("Defendant's argument for a more particularized notice is without foundation. The text of Rule 404(b) indicates that the government need only describe the 'general nature' of the evidence it intends to introduce."). Courts have routinely denied requests by defendants for greater particularity in Rule 404(b) notices. *Id.* (citing *United States v. Kern*, 12 F.3d 122, 124 (8th Cir. 1993) (holding that the government's statement that it "might use evidence from some local robberies" was sufficient to describe the general nature of the acts under Rule 404(b)); *United States v. Schoeneman*, 893 F. Supp. 820 (N.D. Ill. 1995) (holding that the government need not "turn over specific evidentiary detail" in 404(b) notice); *United States v. Rusin*, 889 F. Supp. 1035, 1036 (N.D. Ill. 1995) (rejecting defendant's argument that Rule 404(b) notice requires the government to disclose "dates, places, and persons involved in the specific acts, documents that pertain to the acts, a statement of the issues to which the government believes such evidence may be relevant . . . .").

Analysis of the admissibility of other-acts evidence involves two steps. First, the Court determines "whether the evidence is probative of some issue other than character." *United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002). Evidence of other acts is admissible if it "is relevant, relates to something other than character or propensity, and supports a jury finding that the defendant committed the other crime or act." *Id.* (citing *Bowie*, 232 F.3d at 926-27). *See also United States v. Moore*, 732 F.2d 983, 987 n.30 (D.C. Cir. 1984) ("Only one series of evidential

hypotheses is forbidden in criminal cases by Rule 404: a man who commits a crime probably has a defect of character; a man with such a defect of character is more likely than men generally to have committed the act in question.").

Second, if the Rule 404(b) criterion is met, the evidence should be admitted unless it is prohibited by other "general strictures limiting admissibility, such as Rule 403." *Cassell*, 292 F.3d at 792 (internal quotation marks and citations omitted).

## III.    The Following Evidence is Admissible.

### A. Evidence of Uncharged Benefits the Defendant Received from Power Group Members.

As alleged in the indictment, the evidence will show that between August 2017 and June 2021, the defendant repeatedly solicited, demanded, and accepted personal benefits – including meals, alcohol, entertainment such as concert tickets, and attendant services such as chauffeuring and personal shopping – from members of the Power Group. This evidence is inextricably intertwined with the charged concealment scheme because it establishes the defendant had a longstanding and secretive relationship with members of the Power Group in which the defendant regularly solicited and accepted prohibited gifts. This history provides necessary context for the conduct at issue in 2020 and makes it more likely that the vendors provided, and that the defendant knowingly and intentionally accepted and failed to disclose, the charged undisclosed gifts. *See, e.g.*, *United States v. Bates*, 600 F. 2d 505, 509 (5th Cir. 1979) (testimony concerning acts and backgrounds of co-conspirators, including evidence of behavior antedating period covered by indictment, was not extraneous evidence of other crimes, but admissible as bearing on the existence and purpose of the conspiracy and the significance of later behavior).  This evidence is intrinsic, as it "arose out of the same transaction or series of transactions as the charged offense,"

*United States v. Badru*, 97 F.3d 1471, 1474 (D.C. Cir. 1996); and it is "necessary to complete the story of the crime of trial." *Id.*

Such evidence is alternatively admissible under Federal Rule of Evidence 404(b). Applying the two-prong test for admissibility under Rule 404(b), the evidence is admissible because it demonstrates the defendant's pattern of accepting significant personal benefits from Power Group members without consulting with ethics officials despite: (1) receiving ethics training regarding the regulations discussed *supra* regarding the receipt of gifts, including on the very same day he submitted the charged disclosure report (and which advised him to consult with ethics officials if he was unsure about a Government Ethics issue); and (2) his admissions to law enforcement that he was very familiar with gift acceptance rules, and indeed, trained others on them. The defendant's routine acceptance and concealment of such benefits is similar to the charged conduct and is admissible to show his intent, knowledge, plan, and absence of mistake with respect to his nondisclosure of the charged gifts. *See United States v. Willis*, 844 F.3d 155, 169–70 (3d Cir. 2016) (evidence that defendant had accepted other bribes was properly admitted as evidence of intent, knowledge, and absence of mistake); *United States v. Murphy*, 768 F.2d 1518, 1535 (7th Cir. 1985) (evidence of other bad acts—that a judge had been accepting suspicious envelopes of cash—admissible to show a common plan and combat defense of mistake); *United States v. Sims*, 430 F.2d 1089, 1092 (6th Cir. 1970) (testimony implicating defendant in other, similar bribery schemes admissible for showing common plan and intent).

The second prong of the Rule 404(b) test is also satisfied because the probative value of the evidence is not substantially outweighed by the risk of undue prejudice. *See Miller*, 895 F.2d at 1435. Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases, even when other crimes evidence is involved." *Cassell*, 292 F.3d at 795 (internal quotation

marks removed). Thus, the Rule 403 balancing test "should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged." *Id*. The balancing test is a matter of discretion for the Court, and the assessment is "not of relevance, but of the evidentiary value of the government's Rule 404(b) evidence." *Crowder*, 141 F.3d at 1210.

Here, the other acts evidence is highly probative evidence of the defendant's intent, knowledge, planning, and absence of mistake or accident in accepting and then failing to report the charged gifts. By comparison, the risk of *undue* prejudice to the defendant from admitting the evidence is minimal "because the other-crimes evidence adds no emotional or other pejorative emphasis not already introduced by the evidence of the crime[s] charged in this case." *See United States v. Straker*, 800 F.3d 570, 591 (D.C. Cir. 2015) (internal citations and quotations omitted); *see also, e.g., United States. v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009) ("The prejudice against which Rule 403 guards is unfair prejudice—prejudice of the sort which clouds impartial scrutiny...The fact that probative evidence helps one side prove its case obviously is not grounds for excluding it under Rule 403."); *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003) ("That evidence may decimate an opponent's case is no ground for its exclusion under 403. The rule excludes only evidence where the prejudice is 'unfair'—that is, based on something other than its persuasive weight."); *In re Air Crash Disaster*, 86 F.3d 498, 538 (6th Cir. 1996) ("Rule 403 does not exclude evidence because it is strongly persuasive or compellingly relevant—the rule only applies when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate. The truth may hurt, but Rule 403 does not make it inadmissible on that account."). Accordingly, the evidence ought to be admitted.

B. **Evidence the Defendant Facilitated Diversity Contracts Between Cerner and Company 3, Pressured Person 3 to Increase Person 4's Profits, and Demanded Dinner in Appreciation is Admissible.**

As alleged in the indictment, evidence that in 2018, the defendant facilitated a diversity contract between Cerner and Company 3 unrelated to the OEHRM contract; that in 2019, the defendant urged Person 3 and Cerner to finalize contract renewal negotiations, including urging Person 3 to increase Person 4's financial share of the resulting work, is admissible under Rule 404(b). Such evidence rebuts an anticipated defense that the defendant's failure to disclose the charged gifts was unintentional and the product of mistake arising from: (1) his belief he could accept and fail to report gifts from Power Group members because he lacked influence over them; or (2) his understanding the gifts were offered as appreciation for his "diversity mentor" role, out of friendship, or any other reason unrelated to his position as Executive Director of OEHRM. For the reasons elaborated in Subpart A, such evidence is highly probative evidence of the defendant's intent, knowledge, planning, and absence of mistake or accident in accepting and then failing to report the charged gifts, and not unduly prejudicial.

Evidence that after the 2019 renewal was completed, the defendant told Person 3 he owed the defendant dinner at Felt Lounge, including securing "the cigar table and regular table reserve" as a gesture of appreciation is admissible as both intrinsic evidence and Rule 404(b) evidence, highly probative, and not unduly prejudicial, consistent with the reasoning of Subpart A above. Accordingly, the evidence ought to be admitted.

C. **Evidence the Defendant Threatened Economic Harm to Company 5 on Multiple Occasions is Admissible.**

As alleged in the indictment, evidence that on multiple occasions the defendant threatened economic harm to Company 5 is admissible under Rule 404(b). For example:

- On October 11, 2017,  while Persons 5 and 7 were in Kansas City working with Cerner to develop the requirements the VA sought for the acquisition, the defendant, in response to a chat message implying that Person 7 intended to bring another VA employee to the hotel room where Defendant WINDOM was having drinks with Person 5, sent a message from his personal phone to Persons 5 and 7 stating, "A good comment to get you cut out."

- On April 12, 2019, the defendant yelled at Person 5, "I'll take your fucking contract" after Person 5 failed to attend a birthday party. On June 12, 2019, the defendant texted that in Congressional testimony he was giving that same day, he would "highlight [Company 5's] inclusion efforts, notification and events planning as being grossly lacking. And will be requesting withhold of future payments and invites [*sic*]."

- In March 2020, after Person 5 confronted the defendant about his on-going interactions with contractors that presented actual and apparent conflicts of interest, the defendant told him, "If you don't like it, get off. You can get the fuck off this ride," meaning give up Company 5's subcontract.

Such evidence is admissible and probative. It rebuts anticipated defenses that the defendant believed he lacked influence over Persons 5 and 7, or any other members of the Power Group, and accordingly believed the casino chips, or any other charged gifts, were provided for reasons unrelated to his position as Executive Director of OEHRM. Such evidence is highly probative evidence of the defendant's intent, knowledge, and absence of mistake or accident in accepting and then failing to report the charged "gifts" and not unduly prejudicial. As such, the evidence ought to be admitted.

### D.  Evidence the Defendant Accepted a $750 Pair of Louis Vuitton Shoes from Person 9 is Admissible.

Evidence that in 2018, Person 9, the most senior Cerner executive responsible for the VA's OEHRM project gave the defendant a pair of Louis Vuitton shoes valued at approximately $750 that the defendant failed to report on his 2019 OGE-278e (the reporting threshold was $390) is admissible. Person 9 was not a member of the Power Group, a minority individual, or an employee of a small business, but a senior official at a multinational prime contractor with a $10 billion

OEHRM contract, and the defendant's relationship with him arose from prior professional association. These circumstances made Cerner and Person 9 obvious prohibited sources, and based on the defendant's training and experience, the high-value gift was a clear red flag that should have prompted the defendant to seek ethics guidance about whether to accept or report the gift.

This evidence is admissible under Rule 404(b) because it bears a striking similarity to the charged conduct, is highly probative of the defendant's intent, knowledge, plan, and absence of mistake in failing to report the gifts he received from the Power Group in 2020 and is not unduly prejudicial. It directly rebuts anticipated good-faith defenses the defendant believed he did not need to report the charged gifts because (1) they were given by subcontractors who did not have privity with the VA; (2) they were connected to his "diversity mentor" role and not his role as Executive Director of OEHRM; or (3) they were given based on personal friendship and not his professional role. None of these defenses explain why he accepted or failed to report the Louis Vuitton shoes from Person 9.  Such evidence is highly probative and not unduly prejudicial for the reasons described in Subpart A. Accordingly, the evidence ought to be admitted.

### E. Evidence the Defendant Made False Statements to Law Enforcement is Admissible.

As alleged in the indictment, the defendant made false statements to law-enforcement agents on June 15, 2021, and November 19, 2021, denying that he ever received cash, chips, gifts, or anything of value from Power Group members or other contractors. The defendant also made false statements to law-enforcement agents on March 21, 2024—claiming that VA subcontractors voluntarily provided him casino chips when he in fact demanded them; that the chips came from the subcontractor's gambling winnings rather than from ATM withdrawals; and that the defendant received only several hundred dollars in chips (below the $415 reporting threshold) even though he received at least $3,800 in chips from Persons 5 and 7 in 2020.

14

These false statements are intrinsic to the charged concealment scheme because they were made during the same investigation into the defendant's undisclosed 2020 gifts and directly continued the concealment alleged in the indictment. Under established D.C. Circuit precedent— including *Allen*, *Gartmon*, and *Washington*—acts that further, advance, or effectuate the charged concealment are part of the charged offense itself and fall outside Rule 404(b).

Evidence of these false statements—and additional false statements the defendant made to law enforcement—is alternatively admissible under Rule 404(b) as strong evidence of the defendant's intent, knowledge, consciousness of guilt, and absence of mistake in relation to his failure to disclose the charged gifts. *United States v. Johnson*, 46 F.3d 1166, 1171 (D.C. Cir. 1995) (noting that evidence of defendant's false statement of employment was properly admitted under Rule 404(b) because it reflected consciousness of guilt and not that defendant had a bad character).

Such evidence is highly probative and not unduly prejudicial for the reasons described in Subpart A. Accordingly, the evidence ought to be admitted.

### F. Evidence the Defendant Implicitly Demanded, Accepted, and Failed to Report Casino Chips Received from Person 5 in March 2021 is Admissible.

The evidence will show that in March 2021, after a bourbon-tasting event at Grace's Mandarin paid for by Power Group contractors, the defendant and other members of the Power Group went to the Felt Lounge inside the MGM casino at National Harbor. While there, the defendant implicitly demanded and accepted an additional $600–$700 in casino chips from Person 5, and he also received additional chips from other Power Group members. The defendant failed to report his acceptance of these chips on his 2022 OGE Form 278e (the reporting threshold for that filing year was $415). The government expects that Person 5 will testify that he provided the 2021 chips for the same reason he provided the charged 2020 chips—because the defendant demanded them and had power to cause economic harm to Company 5. Notably, this unreported

"gift" occurred approximately three months before the defendant made false statements to law enforcement in June 2021 that he had never received casino chips from contractors.

The defendant's March 2021 receipt and nondisclosure of casino chips the other acts of which the government would seek to elicit evidence was part of the same continuing course of concealment that culminated in the false statements on the 2020 OGE-278e and thus is admissible as intrinsic evidence.

Such evidence is alternatively admissible under Rule 404(b). It bears a striking similarity to the charged conduct and shows the defendant's intent, knowledge, plan, and absence of mistake in failing to disclose the 2020 chips. The same donor, same demanded high-value gift, and same nondisclosure make the 2021 incident powerful evidence that the 2020 nondisclosures were knowing and deliberate and rebuts any claim of inadvertence or good faith. That the defendant lied to investigators about this "gift," which occurred just three months before the defendant was interviewed by law enforcement, is also strong evidence that his false statements to investigators whether he accepted gifts from contractors in 2020 were knowing and intentional and not the product of poor recollection. Such evidence is highly probative and not unduly prejudicial for the reasons described in Subpart A. Accordingly, the evidence ought to be admitted.

IV.    **Any Danger of Unfair Prejudice Resulting from the Admission of Rule 404(b) Evidence May be Cured Through a Limiting Instruction.**

Even assuming there was a danger of unfair prejudice to the defendant (there is not), the Court can instruct the jury as to the limited purpose of the evidence. *See U.S. v. Brown*, 597 F.3d 399, 400 (D.C. Cir. 2010) ("The district court's limiting instructions guarded against the jury's reliance on impermissible inferences that might have been drawn from the Rule 404(b) evidence."); *Crowder* 141 F.3d at 1210; *Long*, 328 F.3d at 662 ("limiting instructions ordinarily

suffice to protect the defendant's interests."). For all of these reasons, the above-described evidence should be admitted.

## CONCLUSION

Accordingly, the government hereby provides notice of its intent to introduce the foregoing evidence at trial, which it respectfully submits should properly be admitted as intrinsic evidence, Rule 404(b) evidence, or both, as elaborated above.

Respectfully submitted,

By:  /s/ *Emily A. Miller*                    
Emily A. Miller
Assistant United States Attorney
D.C. Bar No. 462077
United States Attorney's Office
601 D Street, NW Washington, D.C. 20530
202-252-6988
Emily.Miller2@usdoj.gov

DAVID B. DEITCH
D.C. Bar No. 426218
Assistant United States Attorney
U.S. Attorney's Office
601 D Street NW
Washington, D.C. 20530
202-252-7796
david.deitch@usdoj.gov

17